Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma ▼

Tenth Circuit Division

**FILED**

AUG 1 7 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

|  |  |  |
|---|---|---|
| **MALIK SHAKUR** | ) | Case No.   CIV-21-810-SLP |
|  | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) |  |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)*  ✔Yes  ☐No |
|  | ) |  |
| **-v-** | ) |  |
|  | ) |  |
|  | ) |  |
| **DEPARTMENT OF THE AIR FORCE** | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |  |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Malik Shakur |
| Street Address | 1100 NE 16th Street |
| City and County | Oklahoma City, Oklahoma County |
| State and Zip Code | Oklahoma, 73117 |
| Telephone Number | (405) 977- 8084 |
| E-mail Address | pureegyptian0112@gmail.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

| | |
|---|---|
| Name | DEPARTMENT OF THE AIR FORCE |
| Job or Title *(if known)* | Chief Labor Law Divisoin |
| Street Address | 72 ABW/JAL  4385 S. Air Depot Blvd. Bldg. 1002, 2nd Floor |
| City and County | Oklahoma City, Oklahoma County |
| State and Zip Code | Oklahoma, 73145 |
| Telephone Number | (405) 739-8636 |
| E-mail Address *(if known)* | 72ABW.PA.Workflow@us.af.mil |

**Defendant No. 2**

| | |
|---|---|
| Name | JASON PUDER |
| Job or Title *(if known)* | Supervisor of Quality Assurance/Government employee |
| Street Address | Tinker AFB, OK |
| City and County | Oklahoma City, Oklahoma County |
| State and Zip Code | Oklahoma, 73145 |
| Telephone Number | (405) 739-2026 |
| E-mail Address *(if known)* | Jason.Puder@us.af.mil |

**Defendant No. 3**

| | |
|---|---|
| Name | MICHAEL BASSHAM |
| Job or Title *(if known)* | B52 Structural Chief/Government employee |
| Street Address | Tinker AFB, OK |
| City and County | Oklahoma City, Oklahoma County |
| State and Zip Code | Oklahoma, 73145 |
| Telephone Number | (405) 736-4489 |
| E-mail Address *(if known)* | Michael.Bassham@us.af.mil |

**Defendant No. 4**

| | |
|---|---|
| Name | JONATHON FLEEMAN |
| Job or Title *(if known)* | Supervisor Deciding Official: Government employee |
| Street Address | Tinker AFB, OK |
| City and County | Oklahoma City, Oklahoma County |
| State and Zip Code | Oklahoma, 73145 |
| Telephone Number | (405) 739-2262 |
| E-mail Address *(if known)* | Jonathon.Fleeman@us.af.mil |

**C.     Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | DEPARTMENT OF THE AIR FORCE |
| Street Address | Tinker AFB, OK |
| City and County | Oklahoma City, Oklahoma County |
| State and Zip Code | Oklahoma, 73145 |
| Telephone Number | (405) 739-2262 |

**II.     Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Other federal law *(specify the federal law)*:

The Sabanes-Oxley Act of 2002 financial regulations for fradulent financial practices

☑     Relevant state law *(specify, if known)*:

§40-2-406 Discharge for misconduct

☑     Relevant city or county law *(specify, if known)*:

Enforcing Oklahoma Anti Discrimination Act (Okla. Stat. tit. 25,  §§ 1101-1706)

**III.     Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*:     Lily Ledbetter Fair Pay Act of 2009

    *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)

    August 5, 2020:Wrongful Termination  October 14, 2020:Bias Mediation  June 19, 2021:Retaliation Debt

C.     I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race            African American
- ☑ color          Black
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☑ age *(year of birth)*        1964     *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.     The facts of my case are as follows.  Attach additional pages if needed.

On August 5, 2020, plaintiff a probationary employee was terminated pursuant to Oklahoma §40-2-406. Discharge for misconduct. For "Improper use of Cell Phone" On June 23, 202 from 10:15AM to 10:50 AM. Pursuant to §40-2-406 "If discharged for misconduct, the employer shall have the burden to prove that the employee engaged in misconduct." Burden of proof was not satisfied by the employer; Agency failed to comply with both state and federal procedural requirement of: providing a signed affidavit, or presenting such other evidence which properly demonstrates the misconduct. On January 5, 2021, the Board encourage settlement but; Agency has failed to make settlement discussion possible. Plaintiff access judicial forum pursuant to "mixed case appeal" with the MSPB challenging removal as both procedurally improper and discriminatorily motivated. (See) 5 U.S.C. ss 7702(e)(1)(A) & 7702(e)(1)(C).

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 16, 2020                    EEO: ADR Representative Kelli Anderson

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☐     issued a Notice of Right to Sue letter, which I received on *(date)*                    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Plaintiff seeks judical review for entitled injunctive relief in the amount $100,000.00 for each week of continued wrongful termination and loss wages. Plaintff seeks interest on front pay, back pay and punitive damages in the amount $50,000,000.00 foriconspiracy to enjoin in intentional discrimination, malice and reckless indifference to plaintiff's legal rights. Thus, in good faith economic hardship is an assualt on human dignity cause by failure of government Agency to act..... poverty is a international human rights violation.

Plaintiff satisfying settlement relief options pursuant to the language written in the U.S. MSPB petition for review settlement discussion issued January 5, 2021.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        _Aug 17th 21_

Signature of Plaintiff        _MalikShakur_
Printed Name of Plaintiff     _Malik Shakur_

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Street Address               _____
State and Zip Code           _____
Telephone Number             _____
E-mail Address               _____

# UNITED STATES DISTRICT COURT
## for the
## Western District of Oklahoma
## Tenth Circuit District

MALIK SHAKUR,
    Plaintiff,

Case No. _____

-v-

DEPARTMENT OF THE AIR FORCE,
    Defendant,

## (continued parties)

*Ref.* **DOCKET NUMBER**: DA-315H-21-0053-I-1

**Defendant No. 5**
Name: MICHAEL HOGUE
Job or Title: Lead worker/Government employee
Street Address: Tinker AFB, OK
State and Zip Code: Oklahoma City, Oklahoma County
Telephone Number: (405) 739-2262
E-mail Address: 72ABW.PA.Workflow@us.af.mil

**Defendant No. 6**
Name: DEFENSE FINANCE AND ACCOUTING SERVICE
Job or Title: Civilian Pay Indianapolis, Debt. 6200
Street Address: 8899 East 56th Street
State and Zip Code: INDIANA, 46249-1900
Telephone Number: (800) 729-3277
E-mail Address: UNKNOWN

**Defendant No. 7**
Name: DFAS CLEVLAND, DSSN 8522
Job or Title: DISBURSING-JFMCB
Street Address:1240 E 9th STREET
State and Zip Code: OHIO, 44199
Telephone Number: (855) 608-3975
E-mail Address: UNKNOWN

## Jurisdiction

Mixed case appeal alleging both a Board jurisdictional agency action and a

claim of unlawful discrimination." See Confronto, 713F.3d,at 1126-1127,n.5 (Dyk,J., dissenting.)

Personal action based on discrimination lies in district court at 50,56

Merit decisions to district court and Procedural decisions to

Employee can invoke antidiscrimination law after 120 days under subsection 7702(e)(1)

1.The Statutory Language

 The text of 5 U.S.C. s 7702(e)(1)(B) provides that:

 Notwithstanding any other provision of law, if at any time after--

 (B) the 120th day following the filing of an appeal with the Board under subsection (a)(1) of this section [providing for mixed case appeals], there is no judicially reviewable action ...;

 an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964....

Section 7702(e)(1)(B) states that an individual claiming discrimination shall be entitled to file a civil action if there is no judicially reviewable action within 120 days following the filing of an appeal with the MSPB, the court held that an initial decision by the AJ within that period is sufficient to foreclose immediate access to the federal courts. For purposes of section 7702(e)(1)(B), it ruled, "[a]n initial decision is essentially the same as a final decision...." Butler v. West, No. 94-2182 at 7 (D.D.C. Feb. 14, 1997) ("Butler I").

5 U.S.C. ss 7702(e)(1)(A) & 7702(e)(1)(C).
Read together, these provisions clearly express Congress' desire that mixed cases should be processed expeditiously, and that complainants should have access to a judicial forum should their claims languish undecided in the administrative machinery.

## Rights

Rights of employees to trial de novo under title VII of the Civil Rights Act of 1964 or other similar laws after a final agency action on the matter. Under the act's provisions, this final  the employee may appeal to the Board or file a complaint in district court in those cases where the agency in violation of the law has not issued a final decision.

U.S.C. s 7702(e)(1)(A) entitles an employee to bring suit when there is no judicially reviewable action on the 120th day following the filing of a mixed case complaint with the employing agency, while 5 U.S.C. s 7702(e)(1)(C) allows recourse to the federal courts when there is no "final agency action" on the 180th day following the filing of a petition with the EEOC.

## Fact
## of
## Case History

On January 7, 2019, *Plaintiff*, MALIK SHAKUR began his probationary period at

Tinker Air Force Base Oklahoma, as a Sheet Metal Mechanic. Approximately late

June 2020 or early July 2020, *Plaintiff* moved from day shift under the supervision

of (Defendant No. 4) JONATHON FLEEMAN and move to the night shift under

the supervision of Ryan Jones. On August 5, 2020, *Plaintiff* was terminated by his

previous day shift supervisor (Defendant No. 4) JONATHON FLEEMAN.

JONATHON FLEEMAN stated to *Plaintiff*, "It was personnel's decision to

terminate *Plaintiff*." For misconduct of: "Illegal Use of Cell" allege by (Defendant

No. 5) lead worker MICHAEL HOGUE. MICHAEL HOUGE sent an email to off

duty supervisor JONATHON FLEEMAN on June 23, 2020, at 12:01 PM., alleging

he witnessed *Plaintiff* on that morning in "Illegal Use of his Cell" from 10:15 AM

– 10:50 AM. On August 14, 2020, (Defendant No. 3) B52 Structural Chief

MICHAEL BASSHAM issued a Notice of Decision to Terminate. That stated, "I have determined that the evidence fully supports the reasons for your termination. This is the agency's final decision in this matter." On August 19, 2020, *Plaintiff* contacted EEO Office. EO Specialist STEPHANIE KNIGHT was assigned to case an spoke with Plaintiff via phone on August 24, 2020. On September 12, 2020, (Defendant No. 6) DEFENSE FINANCE AND ACCOUNTING SERVICE issued *Plaintiff* an overpayment debt in the amount of $13,481.50. Making payment payable to (Defendant No. 7) DFAS CLEVELAND, ATTN: DISBURSING – JFMCB. On September 16, 2020, Plaintiff sign EEO Mediation documents. On October 14, 2020, mediation was held; Agency representative (Defendant No. 2) JASON PUDER said, "He was upholding *Plaintiff* MALIK SHAKUR's termination: because "MICHAEL HOGUE's word was enough to satisfy his decision." On January 5, 2021, the U.S. MSPB encourage settlement. If parties settle and they enter a written settlement agreement into the record, the Board will enforce the terms. June 15, 2021, *Plaintiff* issued his last notice to *Agency* in attempt to satisfy Board decision to encourage settlement. June 19, 2021, *Plaintiff* was issued another overpayment debt in the amount of $325.75, from (Defendant No. 6) DEFENSE FINANCE AND ACCOUNTING SERVICE. Making payment payable to (Defendant No. 7) DFAS CLEVELAND, ATTN: DISBURSING – JFMCB.

# Truth
## of
## Case History

For (Defendant No. 1) DEPARTMENT OF THE AIR FORCE is liable for malice, intentional

discrimination and wrongful termination. For failure to **furnish affidavits** in support of

Agency's answer and evidence of employee misconduct et al.


# Federal Laws


Title VII of the Civil Rights Act of 1964 (Title VII): Prohibits employment discrimination based
on race, color, religion, national origin, and sex (including pregnancy, sexual orientation,
transgender status, gender identity or expression, gender non-conformity, or sex stereotyping of
any kind), and retaliation for engaging in protected EEO activity.

Age Discrimination in Employment Act of 1967 (ADEA): Protects individuals who are 40 years
or older from age discrimination in the workplace, and from retaliation for engaging in protected
EEO activity.

Civil Rights Act of 1991: Provides monetary damages in cases of intentional discrimination;
allows for complainants to have a jury trial, if requested, once the complaint has reached the
federal courts; and provides a 90-day period for complainants to file court action after receipt of
a final agency decision.

Uniformed Services Employment and Reemployment Act of 1994 (USERRA): Prohibits
discrimination based on uniformed status.

Administrative Dispute Resolution Act of 1996: Provides for agencies to use alternate means for
a resolution of disputes in the Federal administrative EEO process.

Lily Ledbetter Fair Pay Act of 2009: Mandates that the limitations period for filing a claim of
pay discrimination resets with the issuance of each new paycheck affected by that discriminatory
action.

## Federal Antidiscrimination-Related Executive Orders

EO 11478: Prohibits discrimination based on race, color, religion, sex, national origin, disability, and age. (This is also prohibited by Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act of 1967.)

EO 13152: Prohibits discrimination based on parental status.

## STATUTE

**Universal Citation:** 40 OK Stat § 40-2-406 (2014)

DISCHARGE FOR MISCONDUCT.

An individual shall be disqualified for benefits if he or she has been discharged for misconduct connected with his or her last work. If discharged for misconduct, the employer **shall** have the burden to prove that the employee engaged in misconduct as defined by this section. Such burden of proof is satisfied by the employer, or its designated representative, providing a signed affidavit, or presenting such other evidence which properly demonstrates the misconduct which resulted in the discharge. Once this burden is met, the burden then shifts to the discharged employee to prove that the facts are inaccurate or that the facts as stated do not constitute misconduct as defined by this section.

## PROCEDURAL REQUIREMENTS

### § 315.805 - Termination of probationers for conditions arising before appointment.

Subject to § 315.803(b), when an agency proposes to terminate an employee serving a probationary or trial period for reasons based in whole or in part on conditions arising before his appointment, the employee is entitled to the following:

(a) *Notice of proposed adverse action.* The employee is entitled to an advance written notice stating the reasons, specifically and in detail, for the proposed action.

(b) *Employee's answer.* The employee is entitled to a reasonable time for filing a written answer to the notice of proposed **adverse action and for furnishing affidavits** in support of his answer. If the employee answers, the agency **shall** consider the answer in reaching its decision.

(c) *Notice of adverse decision.* The employee is entitled to be notified of the agency's decision at the earliest practicable date. The agency **shall** deliver the decision to the employee at or before the time the action will be made effective. The notice shall be in writing, inform the employee of the reasons for the action, inform the employee of his right of appeal to the Merit Systems Protection Board

(MSPB), and inform him of the time limit within which the appeal must be submitted as provided in § 315.806(d).

[33 FR 12418, Sept. 4, 1968, as amended at 73 FR 7188, Feb. 7, 2008]

## Acts

**No Fear Act**

Section 301 of the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 (the No Fear Act), requires each federal agency to post summary statistical data pertaining to complaints of employment discrimination filed against it by employees, former employees and applicants for employment under 29 C.F.R. Part 1614. The specific data to be posted is described in section 301(b) of the Act and 29 CFR 1614.704

# Equal Employment Opportunity Act of 1972

United States Federal Law The Equal Employment Opportunity Act of 1972 is a United States federal law which amended Title VII of the Civil Rights Act of 1964 to address employment discrimination against African Americans and other minorities. Specifically, it empowered the Equal Employment Opportunity Commission to take enforcement action against individuals, employers, and labor unions which violated the employment provisions of the 1964 Act, and expanded the jurisdiction of the commission as well. It also required employers to make reasonable accommodation for the religious practices of employees.

# The Wagner Act of 1935 (National Labor Relations Act)

The Wagner Act defines and prohibits five unfair labor practices (others have been added since 1935).[2] These include:[3]

- Discriminating against (i.e., firing) employees who file charges or give testimony under the Wagner Act.


- Refusing to bargain collectively with representatives of employees.



**DEPARTMENT OF THE AIR FORCE**
OKLAHOMA CITY AIR LOGISTICS COMPLEX (AFMC)
TINKER AIR FORCE BASE OKLAHOMA

Date: **AUG 0 5 2020**

MEMORANDUM FOR: **565 AMXS/MXDPA**
ATTN: **MALIK SHAKUR**
**SHEET METAL MECHANIC (AIRCRAFT) HELPER**
**WG-3806-05**

FROM: **565 AMXS / MXDPA**

SUBJECT: **Notice of Decision to Terminate During Probationary Period**

1. This is to notify you that you will be terminated from your employment with the Air Force effective at 1540 hours on AUG 0 5 2020 . The reason for this action is your failure to qualify during your probationary period. This action is in accordance with the general character and intent of DODI.140025.V431.AFI36-1002

2. On 7 January 2019, you were appointed to a Career Conditional Appointment, WG-3806-05 Sheetmetal Mechanic (Aircraft) Helper position. You were also subject to completion of a two year initial probationary period which started on 7 January 2019.

3. The specific reasons for my determining you have failed to qualify during your probationary period are as follows:

**Improper Use of Cell Phone:** Your regular duty hours are 0645 to 1445 Monday through Friday. Your breaks are from 0900 to 0910 and 1330 to 1340. Your lunch break is from 1120 to 1140. On 23 Jun 2020, your work lead Mike Hogue observed you on top of the crown skin stands in dock 1 using your cell phone from approximately 1015 to 1050. You are aware that using your cell phone while in the work area is prohibited. This is a Direct Safety Violation and will not be tolerated.

4. On 24 June 2020, I held a discussion with you regarding the matters noted in paragraph 3 above. You provided a response and I advised you that the matters noted above were not resolved. I have also taken into consideration the fact that you were issued the following:

- Oral Admonishment for careless workmanship, tool control and staying gainfully employed, dated 23 June 2020.

5. The purpose of the two-year probationary period is for employees to demonstrate certain traits and characteristics that are expected of all federal workers. Your failure to demonstrate such qualities leaves me no choice but to terminate your employment with the Air Force.

6. You may request a post termination review of this action to **Mr. Michael Bassham** if you believe this action is unwarranted. Mr. Bassham may be reached by phone at 405-736-4489, by email at Michael.Bassham@us.af.mil or by mail at 2121 Perimeter Road, Post F-7, Tinker Air Force Base, OK 73145. Your request must be submitted in writing within seven (7) calendar days after your receipt of this letter specifying the reasons why you think this action is unwarranted. You will be notified of the reviewing official's decision if you request a review.

7. You may elect to appeal your termination to the Merit Systems Protection Board (MSPB) by going on-line and submitting your appeal through www.mspb.gov.

    a. Because of your probationary status, you have limited rights to appeal to the MSPB. You may appeal this action to the MSPB if you believe it was based on partisan political affiliation or marital status. You may also file an appeal to MSPB if you were removed for pre-appointment conditions and you believe you did not receive proper procedural rights. Any allegations of prohibited discrimination, i.e. discrimination based upon race, color, age, sex, national origin, religion, or handicapping condition may only be raised in addition to one of the issues stated above.

    b. If you decide to appeal this decision to the MSPB, an appeal may be submitted on or after the effective date of this action, but must be submitted to MSPB no later than 30 calendar days after the effective date. An appeal should be addressed to the Merit Systems Protection Board, Dallas Region Office, 1100 Commerce Street, Dallas, Texas 75242. If you do not submit an appeal within the time set by regulation, it will be dismissed as untimely filed unless good cause for the delay is shown.

    c. If you believe this action was taken in reprisal for whistleblowing, you may raise the matter by filing a MSPB appeal as outlined above, or by filing a complaint with the Office of Special Counsel. The Office of Special Counsel will investigate your complaint and will either file an action on your behalf or notify you or your right to file an Individual Right of Action appeal to the MSPB. A complaint may be filed electronically at www.osc.gov, or may be filed in writing by filling out Form OSC-11, and faxing or mailing the completed form to the Office of Special Counsel at the following address or fax number: Complaint Examining Unit, Office of Special Counsel, 1730 M Street NW (Suite 218), Washington, DC 20036-4505; Fax: 202-254-3711.

8.  If you need further information about your appeal rights with regard to the action, you may contact the Civilian Personnel Flight, Building 3001, extension 739-2262.


**JONATHON FLEEMAN**
Supervisor
Deciding Official

| I ACKNOWLEDGE RECEIPT OF THE ABOVE LETTER AND ONE COPY. | |
|---|---|
| SIGNED: | |
| DATE: | |
| TIME: | |
| PAGES 1 – | |

## SUPPLEMENT SHEET, AF FORM 971

**Employee's Name:** Malik Shakur                          **Date:** 24Jun2020

## DISCUSSION OF INCIDENT OR DELINQUENCY

### I.   STATEMENT OF PROBLEM AND FACTS:

Your regular duty hours are 0645 – 1445 Monday through Friday. Breaks are at 0900-0910 and 1330-1340. Your lunch break is from 1120-1140.
On Tuesday 23 Jun, I was informed by Mike Hogue (your work lead) that he observed you on top of the crown skin stands in dock 1 on your phone from approx. 10:15 and 10:50AM. You are aware that such action is prohibited in the work area and is a Direct Safety Violation.  This type of behavior is unacceptable and will not be tolerated.

### II.   EMPLOYEE'S EXPLANATION AND VIEWS:

*I will Respond at a later date*

### III.   DETERMINATION OF APPROPRIATE ACTION:

Not resolved at this time.


_____                    24 June 2020
SUPERVISOR'S SIGNATURE                        **DATE**

_____                    6-24-20
EMPLOYEE'S SIGNATURE                          **DATE**


4 of 9

## FLEEMAN, JONATHON S WS-10 USAF AFMC 565 AMXS/MXDPAB

| | |
|---|---|
| From: | HOGUE, MICHAEL J WL-10 USAF AFMC 565 AMXS/MXDPAB |
| Sent: | Tuesday, June 23, 2020 12:01 PM |
| To: | FLEEMAN, JONATHON S WS-10 USAF AFMC 565 AMXS/MXDPAB |

TODAY I NOTICED MALIK SETTING ON TOP OF THE AIRCRAFT IN DOCK 1 LOOKING DOWN AT HIS PHONE FROM AROUND 10:15 AM UNTIL AROUND 10:50 AM.

1

**DEPARTMENT OF THE AIR FORCE**
**OKLAHOMA CITY AIR LOGISTICS COMPLEX (AFMC)**
**TINKER AIRFORCE BASE OKLAHOMA**


Date: <u>August 6, 2020</u>

**NOTICE OF APPEAL FOR: 565 AMXS/MXDPA**
**ATTN: Mr. Michael Bassham,**
**Merit System Protection Board (MSPB),**
**UNION ABITRATION,**

**PETITIONER: MALIK SHAKUR**
**SHEET METAL MECHANIC (AIRCRAFT) HELPER**
**WG-3806-05**


Justice Without Delay
*"Affidavit to Facts"*
Innocent Until Proven Guilty
Federal Arbitration Act


**Subject: Notice of Appeal to Terminate During Probationary Period**

# Pleading Facts and Arguing Plausibility: Federal Pleading Standards

Petitioner disputing the unwarranted termination alleging failure to demonstrate certain traits and characteristics excepted of all federal workers.


### Federal Arbitration Act

"arbitration is allowed in actions authorized by federal statutes '[s]o long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum.'" Pet. ABL' citing Gilmer u. Interstq,telJohnson Lane Corp.,500 U.S' 20,28 (1991).


### Federal Question
*"show of cause"*
Hearsay or Facts?

1. What was the petitioner wearing on the day of this alleged probationary violation?
2. Did the work lead Mike Hogue physically approach the petitioner on June 23, 2020, with an oral admonishment when he alleged observing the petitioner 1.) *using his phone, 2.) on his phone and 3.) looking down at his phone* for a full 35 minutes?
3. How far of a distance was the accuser from the petitioner when he witness these alleged phone violations occurring approximately and conveniently on the rounded minutes of 10:15 to10:50?
4. Why was there no immediate response time in bringing forth these allegations for review and approved by the HLR?
5. Why would there be an delayed response time for an allege Direct Safety Violation claiming to have happen on June 23, 2020, resulting to a termination on August 5, 2020 without the critical elements of *"discovery"* (proof beyond a reasonable doubt)?



6. Was these claim against the petitioner written in his performance as a being negligent worker?
7. If contracts makes law and rules makes regulations what fact determined the petitioner demonstrated a careless workmanship, tool control and staying gainfully employed was not of his interest?
8. Did petitioner demonstrate the appearance or carry the attitude of an unhappy, unproductive, disobedient, incompetent workman?
9. What electronic device was used by the accuser to keep track of the time he allege petitioner was using his phone, on his phone, and looking down at his phone on June 23, 2020 from 10:15 to10:50?
10. Was the petitioner facing the accuser from the front or from the back when this allege violation was occurring?
11. Where was the phone positioned in petitioners: *"hand, up to his ear or down on the floor?"*
12. What was the petitioners workmanship from 10:51 to until 11:19?
13. Please explain the factual "unacceptable" traits and characteristic the petitioner demonstrates leaving no other choice but termination?
14. What is the time frame in which the petitioner *performance rating level* fell into a *will not be tolerated* level 1 status?

## "Referencing"

### DOD Personnel Management System:
### Performance Management & Appraisal Program

**Originating Component:** Office of the Under Secretary of Defense for Personnel and Readiness
**Effective:** February 4, 2016
**Releasability:** Cleared for public release
**Approved by:** Robert O. Work, Deputy Secretary of Defense

These actions in accordance with general character and intent of DODL140025.V431.AF136-1002

*Reference:*DOD Personnel Management System: Performance Management & Appraisal Program

pg.12: *Performance Rating Levels*
1. Level 5 (Outstanding)
2. Level 3 (Fully Successful)
3. Level 1 (Unacceptable)

pg.19 (3) A rating of record of "Unacceptable" (Level 1) must be reviewed and approved by a HLR

pg. 22 (d) (see) Reassignment, Reduction in Grade, or Removal Base on Unacceptable Performance

pg.24 b. (see) Addressing Unacceptable Performance 3.9. Identifying and Improving Unacceptable Performance (a)

pg. 25 (3) (Added) (AF) Unacceptable performance or conduct during the probationary or trial period is serious.... contact human resource office for assistance as soon as employee performance deficiencies or conduct issues arise.

## Federal Violations

1. Defamation of Character
2. Slander
3. Harassment
4. Racial Discrimination
5. Intentional Infliction and Emotional Distress
6. False Claims Act

## Conclusion

For the conclusion here is to determine by the discovery of facts as to the specific reason why the federal performance standards were not applied correctly according to the performance manual? Reviewing whether the reason for termination was a unwarranted bias personal choice or a plausible "cause of action"?

Upon notice of this Appeal.

**Demanding this Termination Reviewed, Reconsidered and Reversed**

## INDIVIDUAL/ACKNOWLEDGMENT

State/Commonwealth of_____

County of _____

this the _____ day of _____ , 2020

_____

*Name of Notary Public*

_____

Malik Shakur

1100 NE 16th

Oklahoma City, OK 73117

## CERTIFICATE OF SERVICE

I certify that the attach document(s) was (were) as indicated sent by U.S. Mail on this 1st day of December, 2020, to:

1.
United States of America
Merit Systems Protection Board
Dallas Regional Office
1100 Commerce Street, Room 620
Dallas, Texas 75242-9979

2.
Agency Representative
Chief Labor Law Division
Department of the Air Force
Chief Labor Law Division
72 ABW / JAL
4385 S. Air Depot Blvd.
Bldg. 1002. 2nd Floor
Oklahoma City, OK 73145-9002

OF SERVICE

**INDIVIDUAL/ACKNOWLEDGMENT**

State/Commonwealth of _____

County of _____

this the _____ day of _____ , 2020

_____

*Name of Notary Public*

Malik Shakur

1100 NE 16th

Oklahoma City, OK 73117

DEPARTMENT OF THE AIR FORCE
OKLAHOMA CITY AIR LOGISTICS COMPLEX (AFMC)
TINKER AIRFORCE BASE OKLAHOMA

**"Affidavit Notice of Liability"**

Date: August 11, 2020

**NOTICE OF APPEAL FOR: 565 AMXS/MXDPA**
**ATTN: Mr. Michael Bassham, email: Michael.Bassham@us.af.mil**
**Merit System Protection Board (MSPB),**
**UNION ABITRATION,**

**PETITIONER: MALIK SHAKUR**
**SHEET METAL MECHANIC (AIRCRAFT) HELPER**
**WG-3806-05**

**CC: Union Representative: Curtis Michael Jr, email: Cmitjr43@hotmail.com**

**Subject: Notice of Appeal to Terminate During Probationary Period**

# Pleading Facts and Arguing Plausibility: Federal Pleading Standards

Petitioner disputing the unwarranted termination alleging failure to demonstrate certain traits and characteristics excepted of all federal workers.

## Federal Arbitration Act

"arbitration is allowed in actions authorized by federal statutes '[s]o long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral foru:rr.'" Pet. ABL' citing Gilmer u. Interstq,telJohnson Lane Corp.,500 U.S' 20,28 (1991).

## Notice of Liability

Any person acting as an eye witness to safety hazardous violation in progress for 35 minutes is a liability and handicap to the company. Immediate action is the only action that should occur at the site of danger! If you hesitate to help eliminate a hazardous situation an you just sit back an watch! You are the hurt not the help; instantly positioning yourself as the problem not the solution to the situation. If these was an factual and actual situation in violation of a federal workmanship safety hazard as a lead worker Mike Hogue failed to perform his duty. In addition a failure to demonstrate certain traits and characteristics excepted of all federal workers.

## Federal Question?

1. Does the employee handbook indicate how long a worker should witness a violation in progress before approaching or reporting the situation?
2. Should the offender be approach an notified immediately of his error?
3. How many employee's was lead worker Mike Hogue responsible for overseeing on June

23,2020?

4. If lead worker Mike Hogue watched one employee for 35 minutes in progress of violating a safety hazard; Would his behavior indicate a lengthy time negligence in overseeing all his workers?

5. Does watching one employee for 35 minutes on company time demonstrate positive traits and characteristics excepted of all federal employee's?

6.

**INDIVIDUAL/ACKNOWLEDGMENT**

State/Commonwealth of_____

County of_____

this the _____ day of _____ , 2020

_____
*Name of Notary Public*

_____

Malik Shakur

1100 NE 16th

Oklahoma City, OK 73117



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS OKLAHOMA CITY AIR LOGISTICS CENTER (AFMC)
TINKER AIR FORCE BASE OKLAHOMA

**14 August 2020**

**MEMORANDUM FOR: Malik Shakur**

**FROM:  565AMXS/MXDPAB**

**SUBJECT:  Request for Review**

On 12 August 2020, you requested a review of the decision to terminate your employment at Tinker AFB effective 05 August 2020. After review of all available information presented in the written response to the Notice of Decision to Terminate, I have determined that the evidence fully supports the reasons for your termination.  This is the agency's final decision in this matter.

Michael Bassham
B52 Structural Chief
565AMXS/MXDPAB

TERMINATE

.7.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Indianapolis, Dept. 6200**
8899 East 56th St.
Indianapolis, IN 46249-1900

September 12, 2020

MALIK SHAKUR
1100 NE 16TH ST
OKLAHOMA CITY OK 73117-1016

Dear Malik Shakur:

This is to inform you that you were overpaid for pay periods ending April 11, 2020 through August 15, 2020. The gross amount of your overpayment (including pay, taxes, benefits and other deductions) is $19,313.65. DFAS has adjusted your debt for all payments and offsets and has determined that the net amount of the debt currently owed by you is $13,481.50. The overpayment is a result of a Time and Attendance change(s).

**Payment of Your Debt.**  Please pay the debt in full by October 24, 2020, which is 30 days from the date of this letter. Payment options are explained in attachment 2 of this letter.

**If You are Unable to Pay Your Debt in Full**  If you are unable to pay your debt in one lump sum, you may request to have your debt repayments offset from your salary. To participate in salary offset (payroll deductions), you must be an active employee receiving pay from DFAS, complete and sign the Voluntary Repayment Agreement (attachment 3), and submit it to DFAS. If you do not repay the debt in full, or do not submit the Voluntary Repayment Agreement within 30 days from the date of this letter, DFAS must collect the debt using other collection procedures. Beginning on October 24, 2020, DFAS will initiate collection of the debt involuntarily from your pay by using salary offset procedures. DFAS estimates that based on your current payroll information, your available disposable pay is $0.00 and 15% of your disposable pay is $0.00. Repayment of the principal amount of your debt would be completed in approximately 0 pay periods. If you retire or resign before your debt is paid in full, the entire amount of your final pay (salary and lump sum payments) may be applied to pay off your debt.

**Opportunities Available to You**  If appropriate, you may contact your timekeeper to make time and attendance corrections, or your personnel office to make pay or allowance changes. You may inspect and/or receive copies of DFAS records related to your debt by contacting DFAS at the address above. If you question the validity or amount of your debt, you may request a hearing. If appropriate, you may request a waiver of your debt. You can find additional information on hearings and waivers at www.dfas.mil/civilianemployees/debt. DFAS will promptly refund to you any amounts you have paid or that were deducted for your debt which are later waived or found not owed to the United States Government.

**Questions about Your Debt and Additional Information**  Please see the attached "Collection of Your Debt" in Attachment 1 for additional information regarding debt collection. The Department of Defense Financial Management Regulation (DoDFMR) contains general information concerning debt collection and is available at http://comptroller.defense.gov/fmr/. You may contact your Personnel Office or Customer Service Representative (CSR) if you have questions regarding your debt. If you have further questions about your debt, your CSR may initiate a customer inquiry via Remedy to request information from DFAS, or you may contact the DFAS Civilian Payroll Office at (800) 729-3277. You may also write to the DFAS Civilian Payroll Office at the address listed on this letter.

Thank you for the prompt payment of your debt.

Sincerely,

Supervisor, Debt Processing Branch

Enclosures: As stated

THIS FORM CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED.

Attachment 1

## COLLECTION OF YOUR DEBT

Please be aware of the following additional information concerning the collection of your debt:

**Interest and Additional Charges**  If you are unable to pay the debt in full within 30 days from the date of this letter, any unpaid portion of the debt will be considered delinquent. DFAS is authorized by law to add interest, penalties, and administrative costs to your debt if it is not paid within 30 days from the date of this letter. The rate of interest charged is at the Treasury Tax and Loan Rate and may commence on the date your debt becomes delinquent and may continue until the debt is paid in full. Additional penalties may be imposed at the rate of up to 6% a year on any unpaid portion of your debt that is delinquent for more than 90 days, commencing on the date your debt becomes delinquent and continuing until the debt is paid in full.

**Collection Action on Delinquent Debts**  If DFAS is unable to collect your debt by salary offset, DFAS may enforce repayment of your debt by using other available collection remedies such as referring your debt to a private collection agency, reporting your debt to a credit bureau, garnishing your non-Federal employment wages, or referring your debt to the Department of Justice for litigation. Debts delinquent for more than 180 days are transferred to the Department of Treasury for collection. Treasury may offset your Federal income tax refunds or other Federal benefit payments, such as Social Security and Federal employee retirement benefits, in order to collect your debt. You may also be prohibited from being approved for a Federal loan if you do not resolve your outstanding delinquent debt.

**Tax Considerations**  Pursuant to IRS Publication 15, income tax withheld by DFAS in a prior calendar year cannot be adjusted. Therefore, if your overpayment occurred in a prior calendar year, you must pay back the gross amount of your debt, including any taxes previously withheld and paid on your behalf to the IRS. You may be entitled to a deduction (or credit in some cases) for the repaid wages on your income tax return for the year of repayment of your debt. Each January, DFAS will issue a tax certificate for amounts repaid toward a prior year debt that can be used for tax filing. If your overpayment and repayment both occur in the same calendar year, DFAS will be able to adjust your tax withholding and you will be responsible for repaying only the net overpaid amount. Upon repayment in the same calendar year, your W-2 will be adjusted to reflect your income and the associated taxes. Finally, please be aware that should your debt repayment ever become delinquent and collected by the offset of your tax refund, your spouse may file Form 8379, Injured Spouse Allocation, with the Internal Revenue Service (IRS) to claim his or her share of the tax refund.

**Collection of Federal Employee Health Benefit (FEHB) Premiums**  Your debt may be the result of your being on leave without pay status (LWOP) when your employer paid your FEHB premiums at your request. When you return to employment, or upon your pay becoming sufficient to cover the premiums, you are required to reimburse your employer for the premiums paid on your behalf. If you pay your debt with after-tax dollars using a personal check, the payment will not be subject to pre-tax treatment that would reduce your taxable income. In order to ensure the repayment will be treated on a pre-tax basis, you must select payroll deduction as your repayment method. Pursuant to OPM regulations under the 5 C.F.R. 890.502, the "catch-up" option for repaying your FEHB premiums may not be paid pursuant to a Voluntary Repayment Agreement. Premiums must be collected back each pay period at the rate your employer paid the premium for you.

**Penalties for False or Frivolous Statements**  Please be advised that if you make or provide any knowingly false or frivolous statement, representations or evidence with respect to your debt, you may be liable for penalties under the False Claim Act (31 U.S.C. §§ 3729-3731) or other applicable statutes, and/or criminal penalties under 18 U.S.C. §§ 286, 287, 1001, and 1002, and other applicable statutes. A Federal employee may also be subject to disciplinary procedures under 5 U.S.C. Chapter 75 or any other applicable statutes or regulations.

**Bankruptcy**  If you file for bankruptcy, you must notify DFAS as soon as possible.

THIS FORM CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED.

Attachment 2

# Payment Options

**1. Pay Your Debt in Full at Pay.Gov:**  Electronic payments are the most efficient way of ensuring your payment is posted to your payroll record quickly. You may make an electronic payment 24/7 online at the Federal Government's secure website Pay.gov, a website operated by the U.S. Treasury Department. If your online payment is less than the full amount, DFAS will automatically begin collecting the remaining balance at the rate of 15% of your net disposable pay through salary offset.  To pay using Pay.Gov:

   a.  Go to the Pay.Gov website. (https://www.pay.gov/public/form/start/68842322).
   b.  You will need your bill ID CP1Y082920014364 when completing the Pay.Gov form.
   c.  Maintain a copy of your receipt for proof of payment. You do not need to mail in a copy of the payment coupon to DFAS.

**2. Payment by Installment through Salary Offset:**  If you are unable to pay the debt in one lump sum, you may agree in writing to pay the debt in regular installments by completing the enclosed Voluntary Repayment Agreement and mailing or faxing it to the address listed on the Agreement.

**3. Lump Sum Payment by Check or Money Order:**  Follow the directions on the Payment Coupon below to pay your debt by check or money order. You must enclose the Payment Coupon below with your check/money order or your payment will be returned.

   Questions? For questions regarding your debt, please contact your customer service representative or the DFAS Civilian Payroll Office at (800) PAY-DCPS. Thank you for your prompt payment!

 For payment by check/money order - Please detach and include the Payment Coupon below.
 ||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

# PAYMENT COUPON

Use this coupon to pay your debt in full by check or money order. To ensure your payment is applied to your account, YOU MUST ENCLOSE THIS COUPON WITH YOUR PAYMENT.  Failure to include this payment coupon will result in your check/money order being returned to you. Return this coupon immediately to avoid salary offset from your pay.

   a.  Prepare an envelope using the following address:

        DFAS CLEVELAND DSSN 8522
        ATTN: DISBURSING-JFMCB
        1240 E 9TH STREET
        CLEVELAND OH 44199

  b.  Make your check/money order payable to: DFAS CLEVELAND ATTN: DISBURSING-JFMCB in the amount of $13481.50

   c.  Fill in the following information below:
     Check or Money Order number:_____;  Amount of Payment: _____.

## Debt Information for DFAS:

        Employee's Name MALIK SHAKUR Pay Blk 240 DB CP1
        Bill ID: CP1Y082920014364
        Amount Owed $13481.50
        Estimated Deduction Amount 15% of net disposable per pay period $0.00
        Pay Period Deductions will begin
        LOA CP1 DFASDE 97 X 4930.FA27 -.E4 - 503000 2F

THIS FORM CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED.



**Negotiate**
**to accelerate**
**mission success**

# EEO AGREEMENT TO MEDIATE

NDR CASE NUMBER *Tm2020/52-E*   EEO Docket # *9V1M2000914*

I voluntarily agree to participate in NDR mediation. I sincerely agree to attempt to resolve this dispute, agree to cooperate with the mediator(s) assigned to this case, and agree to give serious consideration to all suggestions made in regard to developing a realistic solution to the problem.

I understand that the mediator(s) has/have no authority to make decisions on issues raised and is/are not to act as an advocate, attorney, or judge for either party.

I agree that mediation sessions are confidential settlement negotiations and understand that all offers, promises; conduct and proceedings, with the exception of the undersigned settlement agreement, are inadmissible in any litigation, complaint process, or arbitration regarding this dispute. I also agree not to subpoena or request or require the mediator to testify or produce records, notes, or work product regarding discussions or deliberations in any future proceedings.

I understand by agreeing to use the mediation process, I am attempting to resolve my dispute separate from any traditional complaint or grievance process. If I opt out of mediation at any time during the process or have any unresolved disputes at the end of the mediation session, I understand that I have the right to return to the applicable complaint or grievance process.

I understand that the terms of this Agreement are confidential and that I shall not disclose any of the settlement terms except for the limited purpose of implementation and enforcement of the settlement.

_____          _____
Complainant          Date          Respondent          Date

_____
Representative          Date



**Negotiate
to accelerate
mission success**

# Complainant's Responsibilities

**I understand as a Complainant in the NDR process I have the responsibility to perform the following functions:**

✓ Bring/provide all supporting documentation regarding my claim to the NDR session ensuring I am fully prepared to discuss my complaint in mediation.

✓ If I am filing an EO complaint it is my responsibility to contact the EO counselor assigned to my case @ 739-7889 if I have any changes and/or amendments to include adding representation BEFORE the mediation is conducted.

✓ Representatives are optional for the Complainant; however, if the Complainant has a representative present, the management official is also allowed to have a representative. If bringing a representative to mediation please notify the NDR office *no later* than one week in advance.

✓ To contact my representative with the dates and times concerning mediation and/or NDR appointments.

✓ To attend the mediation session with an open mind and in good faith.

✓ - Should a situation arise and the mediation have to be canceled, notify the NDR office as soon as possible @ 736-2151 or 72ABW.adr@us.af.mil.

_____

**Complainant**                              **Date**

## NOTICE OF RIGHTS REGARDING SETTLEMENT OF CLAIMS OF AGE DISCRIMINATION



a. You (the Complainant) are advised that because you are 40 years of age or older and because you have claimed that you were discriminated against based upon your age, you may have specific rights or claims under the Federal law known as the Age Discrimination in Employment Act, 29 U.S.C. § 633 a, as amended by the Older Workers Benefit Protection Act, 29 U.S.C. § 626 (f)(1)&(2), regarding any potential settlement agreement affecting your claim.

b. In accordance with these laws, you can review any settlement agreement for a reasonable period, not exceeding 21 calendar days, prior to signing it, and you may use as much or as little of this period as you desire. You may sign any settlement agreement and release any specific rights or claims under the Age Discrimination in Employment Act on the day that it is first given to you, or at any time prior to the end of the time period.

c. You will not be asked to waive any future claims of age discrimination for events that may arise after the effective date of any settlement agreement regarding this claim.

d. You may consult with an attorney before signing any settlement agreement, and it is your choice whether to do so.

_____
Complainant

Date: _____

_____
ADR Representative

Date: _9/16/2020_



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS 72D AIR BASE WING (AFMC)
TINKER AIR FORCE BASE OKLAHOMA

21 Oct 2020

MEMORANDUM FOR:   MALIK SHAKUR
                  1100 NE 16TH ST
                  OKC, OK 73117

FROM: 72 ABW/EO
      7751 1st Street, Building 201E
      Tinker AFB, OK 73145

SUBJECT: Notice of Right to File a Formal Discrimination Complaint – 9V1M2000914

Reference: 29 Code of Federal Regulation 1614.106 – Individual Complaints

1.  This is notice that I have completed an informal inquiry into the matter presented to me as an Equal Opportunity (EO) Specialist. On 19 Aug 2020, you contacted the EO Office and requested an appointment to meet with an EO Specialist. I was assigned as the EO Specialist and spoke with you via phone on 24 Aug 2020. You were provided the Pre-Complaint Document to complete and return to me no later than 27 Aug 2020. On 26 Aug 2020, your representative provided the required form via email, alleging prohibited discrimination based upon Race (Black) and Age (56, YOB: 1964). On 7 Oct 2020, your claim and remedies were amended, per your request. Because the issues brought to my attention have not been resolved to your satisfaction, you are now entitled to file an individual discrimination complaint based on race, color, sex, religion, national origin, physical or mental disability, age, genetic information, and or reprisal. The following claim, bases, and remedies were identified:

   a.  Claim: Whether Complainant, Malik Shakur, was subjected to discrimination on the bases of Race (Black) and Age (56, YOB: 1964), when on 5 Aug 2020, Michael Hogue (Work Lead), falsely reported a claim of Cell Phone Usage to Jonathan Fleeman, 1st level supervisor, and Mr. Fleeman issued Complainant a Notice of Decision to Terminate During Probationary Period, effective 5 August 2020.

   b.  Bases: Race (Black) and Age (56, YOB: 1964)

   c.  Remedies:

       (1) To receive a WG-3806-05 Sheet Metal Mechanic position
       (2) Retroactive back pay
       (3) $100,000 for each week of wrongful termination
       (4) Severance package

2. During the informal pre-complaint stage (90 calendar days), you elected to participate in the Alternate Dispute Resolution (ADR) process. Mediation was held on 14 October 2020, but settlement was not reached. As of the date on this letter, your EEO claims have not been resolved.

3. If you wish to participate in ADR, please notify the EO office, who will notify the ADR office of your election. **Please note: agreement to mediate does not override the 15 calendar days to file a formal complaint of discrimination**. If you retain an attorney or representative, or change your attorney/representative, you must notify the EO Director immediately in writing. You and your representative will receive a written acknowledgement of receipt of your discrimination complaint from the Agency. You must ensure the Agency has a current mailing address and phone number where you and your representative may be reached.

4. If you file a formal complaint, it must be in writing, signed and **submitted within 15 calendar days of receipt of this notice** with the following official authorized to receive discrimination complaints:

> Equal Opportunity Director
> 72 ABW/EO
> 7751 1st Street, Building 201E
> Tinker AFB, OK 73145-9148

**A complaint shall be deemed timely if it is received or postmarked before the expiration of the 15-day filing period**. The complaint must be specific and contain only the issues specifically discussed with me or issues 'like or related to' the issues you discussed with me. It must also state if you filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same claims.

5. If you file a formal complaint, you must name the appropriate Department of Agency head in Block 4c of DD Form 2655. The Department of the Air Force Agency head is the Honorable Barbara M. Barrett, Secretary of the Air Force. If you have questions, please contact the EO office, 405-739-7889.

KNIGHT.STEPHA   Digitally signed by
NIE.D.1534458777   KNIGHT STEPHANIE D.1534458
777
Date: 2020.10.16 05:39:57 -05'00'

STEPHANIE KNIGHT
EO Specialist

Att: DD Form 2655

CC: Curtis Mitchell, Jr., w/o attachment

The four basic guidelines for submitting a FOIA request. **(Reference DoD 5400.7-R/AFMAN 33-302, paragraph C1.4.3):**

(1) Indicate that it is a FOIA request.

(2) Clearly identify the record(s) being sought and be specific on the type of documents. Avoid terms such as "requesting any and all documents" since this type of request generally requires clarification and responsive documents can include excessive costs for search and releasable documents.

NOTE: Recommend asking for "all releasable information" in your request. This allows the FOIA office to redact or remove information generally exempted under the FOIA program and process your request quicker. FOIA provides access to records and "is not" a forum for answering questions.

(3) Include a complete mailing address and consider providing a telephone number and/or personal e-mail address. Should questions arise you will be contacted.  Please Note: **Air Force-affiliated requesters, to include Military and civilian employees, should not use government equipment, supplies, stationery, postage, telephones, or official mail channels to make FOIA requests.**

(4) Indicate a willingness to pay fees associated with the processing the request or, in the alternative, why a waiver may be appropriate (see DoD5400.7-R/AFMAN 33-302, section C6.1.4., Fee Waivers). State an actual dollar amount versus a willingness to pay reasonable costs. This avoids guessing what is considered reasonable and you can be contacted should processing costs exceed your limit.

The request is considered properly received or perfected, when the above conditions have been met and the request arrives at the FOIA office of the Component or agency in possession of the records. FOIA requests are processed within 20 work days unless there are unusual circumstances that may justify delay whereby the requester will be contacted.

# COMPLAINT OF DISCRIMINATION IN THE FEDERAL GOVERNMENT

(This form is subject to the Privacy Act of 1974)

(See Page 3 for Privacy Act Statement and Instructions - Please type or print)

| | FOR AGENCY USE |
|---|---|

| 1. FULL NAME OF COMPLAINANT (Last, First, Middle Initial) | 2. TELEPHONE NUMBER (Include Area Code) |
|---|---|
| SHAKUR, MALIK | |

**3. ADDRESS** (Street, City, State, and ZIP Code)
1100 NE 16TH
OKC, OK 73117

| a. HOME |
|---|
| ( 405 ) 9778084 |
| b. OFFICE |
| ( ) |

| 4. FEDERAL OFFICE YOU BELIEVE DISCRIMINATED AGAINST YOU (Prepare a separate complaint form for each office which you believe discriminated against you.) | 5. ARE YOU NOW WORKING FOR THE FEDERAL GOVERNMENT? (If answer is "Yes" complete a, b, and c below.) |
|---|---|
| | YES [ ]   NO [ ] |

a. NAME OF OFFICE THAT YOU BELIEVE DISCRIMINATED AGAINST YOU
DEPARTMENT OF THE AIR FORCE

a. NAME OF AGENCY WHERE YOU WORK
TINKER AIR FORCE OKLAHOMA

b. ADDRESS OF OFFICE (Street, City, State, and ZIP Code)
565 AIRCRAFT MAINT SQ/MTSC COMMAND TIM
TINKER AFB OK 73145

b. ADDRESS OF YOUR AGENCY (Street, City, State, and ZIP Code)
565 AMXS/MXDPA
TINKER AFB OK 73145

c. NAME AND TITLE OF PERSON(S) YOU BELIEVE DISCRIMINATED AGAINST YOU (If applicable)
MIKE HOGUE, JONATHON FLEEMAN, MICHAEL BASSHAM, JASON PUDER

c. TITLE AND GRADE OF YOUR JOB
GRADE 5 SHEET METAL MECH/AIRCRAFT/HELPER

| 6. ELECTION OF REPRESENTATION | ATTORNEY | NON-ATTORNEY | NO REPRESENTATION | 7. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION TOOK PLACE (YYYYMMDD) |
|---|---|---|---|---|
| a. NAME OF REPRESENTATIVE (If applicable)
SELF REPRESENTATION | | | | |
| b. ADDRESS (Include ZIP Code)
SAME AS ABOVE | | | | 10/14/2020 |

| c. TELEPHONE NUMBER (Incl. area code) | d. FAX NUMBER (Incl. area code) | e. E-MAIL ADDRESS |
|---|---|---|
| SAME AS ABOVE | | |

## 8. CHECK BELOW WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST

| | |
|---|---|
| a. RACE (If so, state your race) | AFRICAN AMERICAN |
| b. COLOR (If so, state your color) | BLACK |
| c. RELIGION (If so, state your religion) | |
| d. NATIONAL ORIGIN (If so, state your national origin) | |
| e. SEX (If so, state your sex) | |
| f. AGE (If so, state your age) (See Note 1) | OVER 40 |
| g. DISABILITY (If so, state whether mental or physical) | |
| h. SEXUAL HARASSMENT (If so, state your sex and the sex of the person you believe harassed you) | |
| i. REPRISAL FOR PREVIOUS EEO ACTIVITY (If so, when) | |
| j. GENETIC INFORMATION | |
| k. PREGNANCY | |

Note 1: Complaints of discrimination because of age apply only to employees or applicants who were at least 40 years of age at the time the discriminatory action is alleged to have occurred.

**9. EXPLAIN IN SPECIFICS HOW YOU BELIEVE YOU WERE DISCRIMINATED AGAINST** (treated differently from other employees or applicants) DUE TO YOUR RACE, COLOR, RELIGION, NATIONAL ORIGIN, SEX, AGE, PREGNANCY, GENETIC INFORMATION, DISABILITY, OR REPRISAL (For each allegation, please state to the best of your knowledge, information and belief what incident occurred and when the incident occurred. If you need more space, continue on another sheet of paper.)

WRONGFUL TERMINATION WAS CONSPIRED AT THE "MEETING OF THE MINDS" WITHOUT PROOF OF ALLEGATIONS, EVIDENCE OR DUE PROCESS. ABUSE OF DISCRETION AND HEARSAY WAS THE ONLY REASON GIVEN BY AGENCY DURING MEDIATION AS FOR THEIR REASON TO TERMINATE CLAIMANT

| 10. I HAVE DISCUSSED MY COMPLAINT WITH AN EQUAL EMPLOYMENT OPPORTUNITY COUNSELOR *(See instructions)* | | 11. NAME OF COUNSELOR *(If applicable)* |
|---|---|---|
| YES | NO | |

| 12. HAVE THE ISSUES IDENTIFIED IN BLOCK 9 BEEN APPEALED TO THE MERIT SYSTEMS PROTECTION BOARD (MSPB) OR FILED UNDER A UNION NEGOTIATED GRIEVANCE PROCEDURE? | | NO | YES *(If Yes, complete 12.a., b., and c. below)* |
|---|---|---|---|

| a. *(X one)* | | b. DATE FILED *(YYYYMMDD)* | c. MSPB OR UNION DOCKET NUMBER *(If known)* |
|---|---|---|---|
| MSPB | UNION NEGOTIATED GRIEVANCE | | |

**13. WHAT RELIEF ARE YOU SEEKING TO RESOLVE THIS COMPLAINT?** *(State specific corrective action desired for each allegation.)*
1.) TO RECEIVE A WG-3806-05 SHEET METAL MECHANIC POSTION
2.) RETROACTIVE BACK PAY
3.) $100,000 FOR EACH WEEK OF WRONGFUL TERMINATION
4.)SEVERANCE PACKAGE

**14. LIST NAME(S) OF WITNESS(ES) AND BRIEFLY STATE WHAT INFORMATION WITNESS MAY CONTRIBUTE TO THE INVESTIGATION OF YOUR COMPLAINT.**
1.) MIKE HOGUE - (Work Lead/Accuser)
2.) JONATHON FLEEMAN (Supervisor Deciding Official/Terminating Supervisor)
3.) MICHAEL BASSHAM (FB52 Structural Chief 565AMXS/MXDPAB/Finalized Termination)
4.) JASON PUDER: (MEDIATOR/UPHELD TERMINATION) "He said, lead worker Mike Hogue's word was good enough to satisfy the agency's decision."

| 15. SIGNATURE OF COMPLAINANT | 16. DATE OF THIS COMPLAINT *(YYYYMMDD)* |
|---|---|

# MERIT SYSTEM PROTECTION BOARD
### 1100 Commerece Street, Room 620
### Dallas,Texas 75242-9979
### phone: (214) 767-0555
### fax: (214) 767-0102

# Notice of Appeal

Malik of the family Shakur
ex-rel [MALIK SHAKUR]
Petitioner,
vs.

DEPARTMENT OF THE AIR FORCE
Respondent,

NDR CASE NUMBER TM2020/52-E
EEO Docket # 9V1M2000914

### Request for Adjudication

Prohibited Personnel Practices
5 U.S.C. ss 2302 (b)(1) & (b)(9)
Harmful Procedural Error
5 C.F.R ss 1201.1201.56(c)(3)

'Lack of Due Process, Abuse of Discretion, Hearsay, Libel Slander, Defamation and Retaliation

Questions, Fact, Truth and Law

Questions
1. Why was the accused [MALIK SHAKUK] not confronted on site at his work station by his accuser MIKE HOGUE if he truly witness the petitioner in wrongful use of his cell phone?
2. Why would the accused be allowed to remain at his work station though the end of his shift; with his cell phone; in a hazardous area?
3. Why is their no witnesses to the accusers accusations; of an wrongful use of cell phone that he observed for an entire 35 minutes in an hazardous area?
4. Why was this accusations only later reported by email to the shift supervisor who was off work that day?
5. What is the proper protocol if an employee witnesses an hazardous situation on the job site?

Fact:
1. The accusers accusations does not come with a supporting detailed story line; from start to finish.
2. Deciding Official Supervisor JONATHON FLEEMAN made an error of judgment when he wrongfully terminated sheet metal worker ]MALIK SHAKUR]; an abuse of discretion occurred upon failure to demonstrated any justified truth of improper use of cell phone; termination was carry out upon hearsay only; which is a violation of due process; resulting in tortuous act of defamation.
3. EEO Meditation Supervisor JASON PUDER stated on October 14, 2020. "MALIK SHAKUR'(s) termination would be up held do to the fact MIKE HOGUE'(s) word was good enough to satisfy their decision.

Truth:

1. The DEPARTMENT OF THE AIR FORCE never answered to any of the notarized sworn under oath affidavits submitted on behalf of accused petitioner [MALIK SHAKUR].
2. An Affidavit unrebutted stands as Truth. *(see attachments)*

Law:   10 Maxim of Law: The first one to leave the field loses (see) **"Silence by Acquiescene"**

1. **Affidavit** uncontested unrebutted unanswered case law *United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981)* Requiring "develop[ment] [of] facts from which a court might infer a possibility of some wrongful conduct"

Toxic Communication

Within the of week of August 5, 2020 petitioner approach the DEPARTMENT OF THE AIR FORCE Union Representative Cody Largent about his unwarranted termination; during their conversation the Union Representative made the comment to petitioner stating, "You don't fucking listen".

Retaliation

Financial retaliation occurred when petitioner received a debt letter dated September 12, 2020, in the amount of $13481.50 from the DEFENSE FINANCE AND ACCOUNTING SERVICE Civilian Pay Indianapolis, Dept 6200, 8899 East 56th Street, Indianapolis, IN 46249-1900; claiming petitioner owes an over payment for the months of April 2020 – August 2020. After petitioner responded to the false claim in the form of a Debt Dispute Letter and Bill of Review followed by an Affidavit of Truth alleging fraud at the attention of; Indianapolis Debt Processing Branch Supervisor "BRENT DENDY." Petitioner was later informed by the DEPARTMENT OF THE AIR FORCE Human Resource Officer Jimmie Vaughn that she made an clerical error when publishing the date of his termination. She published petitioners determination date for April 2020 instead of August 2020. Which has cause the petitioner severe economic hardship; delaying the process to receive his unemployment benefits.

Conclusion

In my honor, I, Malik of the family Shakur upon special visitation for ex-rel [MALIK SHAKUR]. Hereby appeal the decision to terminate impose by the DEPARTMENT OF THE AIR FORCE for avoiding the truth an going for the attack causing injury in the form of: wrongful termination, lack of due process, abuse of discretion, hearsay, libel slander, defamation and financial retaliation. This appeal is being submitted without the statement of reasoning; upon verbal notice from EEO employee Kelly Anderson who stated, "Their office has by law until November 25, 2020, by to send out their statement of reasoning. Therefore their untimeliness to send out the statement would interfere with the timeless of my appeal.

**<u>INDIVIDUAL/ACKNOWLEDEGMENT</u>**

State/Commonwealth of_____

County of_____

this the _____ day of _____, 2020

_____
*Name of Notary Public*

Malik Shakur, Executor

1100 NE 16th ST

Oklahoma City, OK 73117

The Clerk of the Board
Merit Systems Protection Board
1615 M Street NW
Washington, DC 20419

MALIK SHAKUR,
    Appellant,

DOCKET NUMBER
DA-315H-21-0053-I-1

    v.

DEPARTMENT OF THE AIR FORCE
    Agency,

DATE: December 28, 2020

## PETITION FOR REVIEW

In my honor, I, Malik of the family Shakur by special visitation on behalf ex-rel [MALIK SHAKUR].
Hereby, *Appellant* petition the *Board* for review of jurisdiction siting *Agency* discrimination based on
reasons of pre-appointment, improper procedural requirements, partisan political reasons, age and
marital status; *Ref:* Qualifying legal standards and requirements at 5 C.F.R. § 315.806 (b) (c) & (d).

### Partisan Political Reason

The *Agency* B52 Structural Chief **MICHAEL BASSHAM** final decision to termination wrongfully
violated the process of **affidavit** procedural requirements of Chapter 75 Adverse Actions 5 C.F.R. §
315.806 (b). For which the *Agency* failed to bring forth plausible discovery giving the factual story line
details surrounding *Appellant* being in improper use of his cell for 35 minutes. The *Agency* imposed
their wrongful termination upon a black male, single parent, over age 40 in the middle of a nation wide
pandemic. During an election year of which racial tension is at an all time high; on and off the job.
Fueled by the partisan politics surrounding the "Black Lives Matter" movement and the "Proud
Boy"callout.

### Age and Marital Status

The *Agency* supervisor **JONATHON FLEEMAN** choice of language adversely directed at the
*Appellant* was politically incorrect and intentionally harmful. With the *Agency* being fully aware
*Appellant* is a black male, single parent, over 40; the *Agency* being well versed in professional dialect
and ethical mannerism in respect to the farmers of the constitution the *Agency* was consciously aware
that their choice of language carried a color-able under tone as if to be speaking too a minor or
someone without equal status. For example a parent may **admonish** child or a teacher to a student with
a behavioral problem.

### Pre-Appointment

*Appellant* hearby brings notice to the status, traits and characteristics of lead worker **MIKE HOGUE**
being not of the title supervisor; fabricates a story of *Appellant* being in improper use of his cell phone
for 35 minutes without furnishing an affidavit outlining 35 minutes of actual detail from the allege
occurrence an that's sufficient enough for the *Appellant* to be terminated. That is clearly bias flawed

procedural requirements and a gross interruption of probationary rights. Showcasing **MIKE HOGUE** in position as an **pre-appointed** third party probationary predator having a history of on the job racial division favoring white privilege vernacular. For example **JASON PUDER** supervisor of quality assurance for the *Agency* verbally express to me the *Agency* strongly supported partisan political favoring of a white co-worker who was caught making a noose on the job. The *Agency* claimed, "It was not considered to be racially bias because the knot wasn't tied right."

### Procedural Requirements

The *Agency* **failed** to follow procedural requirements according to *5 C.F.R. § 315.805(b) Employee's Answer*. Of which the language reads, "[R]easonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of his answer. If the employee answers, the agency **shall** consider the answer in reaching its decision." The *Agency* never responded to the *Appellants* **affidavits**. Therefore the *Agency* failed to answers the affidavits submitted by *Appellant* giving reason their decision to terminate violated the *Appellant* probationary rights. A matter must be expressed to be resolved and An affidavit unrebutted stands as Truth.

## An Affidavit unrebutted stands as Truth

Affidavit uncontested unrebutted unanswered [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 1982]

"Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." [Group v Finletter, 108 F. Supp. 327 Federal case of Group v Finletter, 108 F. Supp. 327] "Indeed, no more than affidavits is necessary to make the prima facie case." [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]

AFFIDAVIT A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. Cox v. Stern, 170 Ill. 442, 48 N.E. 906, 62 Am.St.Rep. 385; Hays v. Loomis, 84 Ill. 18. A statement or declaration reduced to writing, and sworn to or affirmed before some officer who has authority to administer an oath or affirmation. Shelton v. Berry, 19 Tex. 154, 70 Am.Dec. 326, and In re Breidt, 84 N.J.Eq. 222, 94 A. 214, 216.affidavit uncontested unrebutted unanswered - [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982 1982] "Indeed, no more than affidavits is necessary to make the prima facie case." [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982] An affidavit uncontested unrebutted unanswered Morris v National Cash Register, 44 S.W. 2d 433 Morris v National Cash Register, 44 S.W. 2d 433, clearly states at point #4 that "uncontested allegations in affidavit must be accepted as true."

An affidavit uncontested unrebutted unanswered Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433: "An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law."

Non Rebutted Affidavits are "Prima Facie Evidence in the Case,-- "United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);

"Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." -- Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982.

"Uncontested Affidavit taken as true in support of Summary Judgment." -- Seitzer v. Seitzer, 80 Cal. Rptr. 688

"Uncontested Affidavit taken as true in Opposition of Summary Judgment." -- Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984) "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . **We cannot condone this shocking behavior... This sort of deception will not be tolerated and if this is routine it should be corrected immediately.**" -- U.S. v. Tweel, 550 F.2d 297, 299. (5th Cir. 1977) See also U.S. v. Prudden, 424 F.2d 1021, 1032, 1033 (5th Cir. 1977); Carmine v. Bowen, 64 A. 932 (1906)

### Conclusion

For reason of error with procedural requirements set forth in *5 C.F.R. § 315.805* the *Appellant* petitions the *Board* for review. The *Board* is absent the **details** required under *5 C.F.R. § 315.805 (a)* to impact the initial decision-making. This factual error is sufficient being that the *Agency* failed to respond in writing to *Appellant* timely filed answer and furnishing affidavits of adverse action as entitled under *5 C.F.R. § 315.805 (b)* answers the *Agency* **shall** consider in reaching it's decision. Of which those answers have gone unanswered by the *Agency*. Therefore the *Board* is without the material facts of this case which would have warrant a outcome different from the initial decision. The *Agency* failed to uphold the OPM requirements entitled under *5 C.F.R. § 315.805*. The *Agency* withheld **delivery** of required **notification** material findings through "silence by acquiescence" a failure to produce statement of reasoning giving the fact and discovery of alleged termination allegations. Therefore leaving the *Board* without material fact to make nothing other than an decision of error based on the *Judges* abuse of discretion that deprived *Appellant* of his *Limited Rights of a Probationer* issued by the U.S. Office of Personnel Management (OPM) in order to avoid the outcome of bias decision-making on behalf of the *Board* set forth in *C.F.R. § 315.805*. Reasons granted wrongful termination to a reasonable person was influenced by procedural error, pre-appointment, racial discrimination, partisan political reasons, age and marital status with jurisdiction being raised under *5 C.F.R. § 315.806 (d)* at *Chapter 75 of Title 5 ADVERSE ACTIONS* appeal rights.

The *Agency* specific reason for determining *Appellant* failure to qualifying during probationary period are as follows: **Improper Use of Cell Phone** from approximately 1015 to 1050. Allegations presented by a pre-appointed third party absent the title of supervisor, without the support of witnesses and left unreported to Human Resource Office in accordance with general character and intent of Level 1 (Unacceptable) **procedural assistance** according to DOD Personal Management System/Performance Management & Apprasial Program DODI.140025.V431.AF136-1002. In addition the Agency failed to answer affidavits or present material facts.

Therefore the *Agency* **failed** to follow procedural requirements according to *5 C.F.R. § 315.805(b) Employee's Answer*. Of which the **language** reads, "[R]easonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of his answer. If the employee answers, the agency **shall** consider the answer in reaching its decision." The *Agency* never responded to the *Appellants* **affidavits.** Therefore the *Agency* final decision to terminate and the Judge's order to dismiss for lack of jurisdiction violated the *Appellant* probationary procedural rights. The *Agency* and *Board* cannot **consider** what they have not received. A matter must be expressed to be resolved and An affidavit unrebutted stands as Truth. **We cannot condone this shocking behavior... This sort of deception will not be tolerated and if this is routine it should be corrected immediately."**

## CERTIFICATE OF SERVICE

I certify that the attach document(s) was (were) as indicated sent by U.S. Mail on this 28 day December, 2020, to:

1. United States of America Merit Systems Protection Board
   Dallas Regional Office
   1100 Commerce Street, Room 620
   Dallas, Texas 75242-9979

2. Agency Representative Chief Labor Law Division
   Department of the Air Force Chief Labor Law Division
   72 ABW / JAL 4385 S. Air Depot Blvd. Bldg. 1002. 2nd Floor
   Oklahoma City, OK 73145-9002

INDIVIDUAL/ACKNOWLEDEGMENT
State/Commonwealth of_____
County of _____                    _____
this the _____ day of _____, 2020     Malik Shakur
_____          1100 NE 16th
Name of Notary Public                              Oklahoma City, OK 73117



# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board
1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

**January 5, 2021**

Notice to:

Malik Shakur
1100 NE 16th Street
Oklahoma City, OK 73117

Re:  Malik Shakur v. Department of the Air Force
MSPB Docket Number: DA-315H-21-0053-I-1

The Board acknowledges <u>December 28, 2020</u> as the filing date of the appellant's petition for review. The agency may file a response, or file a cross petition for review, on or before <u>January 22, 2021</u>. A cross petition for review differs from a response because it also disagrees with the initial decision. If a cross petition for review is filed, any response must be filed within 25 days after the date of service of the cross petition. Any response or cross petition for review is limited to 30 pages or 7500 words, whichever is less.

The appellant may file a reply to the response to the petition for review within 10 days after the date of service of the response. A reply may not be more than 15 pages or 3750 words, whichever is less, and is limited to the factual and legal issues raised in the response to the petition for review. A request to submit any pleading in excess of the limits described above must be submitted in accordance with 5 C.F.R. § 1201.114(h) and will be granted only in exceptional circumstances.

The filing date of any submission described above is the date the document is postmarked, if mailed; the date the document is received by the Board, if personally delivered; the date the facsimile of the document was sent; or the date of electronic submission, if filed via e-Appeal. All submissions must be served on each party and representative and must include a certificate of service. The parties are informed that the Clerk of the Board may reject any submissions that do not substantially conform to the procedural requirements of 5 C.F.R. Part 1201, subpart C. You may review the Board's petition for review procedures at 5 C.F.R. § 1201.114.

The record closes when the time period ends for filing a reply to a response to the petition for review or a response to a cross petition for review. The Board will not accept any pleading other than the ones described above unless the party files a motion and obtains leave from the Clerk of the Board to file an additional pleading. Any such

motion must describe the nature of and need for the pleading. 5 C.F.R. § 1201.114(a)(5). Additionally, after the record closes, the Board may accept an additional submission other than the pleadings described above only if the party was granted leave to file such pleading and the submission includes a statement that convinces the Board that the submission was not readily available before the record closed. 5 C.F.R. § 1201.114(k). All parties are reminded that they must notify the Board and each other in writing of any changes in representation and/or address.

The Board encourages settlement. If the parties settle and they enter a written settlement agreement into the record, the Board will enforce the terms. The Board has no enforcement authority over settlement agreements that are not entered into its record.

The Dallas Regional Office forwarded your petition for review to this office. Because the administrative judge issued an initial decision in your case, all submissions must be directed to the Office of the Clerk of the Board, 1615 M Street, NW, Washington, DC 20419.

### NOTICE REGARDING LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently no members are in place. Because a majority vote of the Board is required to decide a case, see 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. See 5 U.S.C. § 1203. Thus, while parties may continue to file petitions for review during this period and the Office of the Clerk will continue processing petitions for review, no decisions will be issued until at least two Board members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

Jennifer Everling
Acting Clerk of the Board

*Dinh Chung*

Dinh Chung
Case Management Specialist

Attachment: Settlement Program Information

~~United States Merit Systems Protection Board~~

## PETITION FOR REVIEW SETTLEMENT PROGRAM

### Introduction

In keeping with its policy of encouraging the settlement of appeals, the Board has a program that helps parties resolve their disputes at the petition-for-review level. The program is conducted by settlement attorneys in the Board's Office of General Counsel who are familiar with federal employment law. Settlement will not be attempted in every case because of the Board's limited resources. When a case is selected, a settlement attorney will contact both parties either in writing or by telephone.

### Case Selection

Cases are selected for the settlement program in several ways. Most are screened by settlement attorneys, as they are received in the Office of the Clerk of the Board. Others are selected by a vote of at least 2 Board members who conclude that settlement efforts would be worthwhile in a particular case. Other cases are selected by decision-writing attorneys in the Office of Appeals Counsel based on their judgment, concurred in by a settlement attorney, that settlement efforts would be appropriate. Still others may be selected based on a party's request.

If you would like the Board's help in settling your appeal at the petition-for-review level, you may call its headquarters offices in Washington, D.C., at 1-800-209-8960, and leave a message. A settlement attorney will contact you to discuss settlement possibilities.

### Settlement Discussions

If an appeal is selected for the settlement program, the parties and their representatives must be prepared to discuss settlement options in good faith. Representatives must have the authority to enter into a settlement agreement.

When a Board appeal is settled, both parties can gain something that they may lose if the Board decides the appeal by the application of legal principles where, most often, one party wins and the other loses. Depending on the circumstances of a particular case, the advantages of such a settlement to an appellant *might* include: a clean record with the reason for separation recorded as a voluntary resignation; a more acceptable date of separation; a modified penalty; a cash buy-out; receipt of some, if not all, back pay; the agency's agreement not to challenge an application for unemployment benefits; the agency's agreement not to divulge detrimental information to potential future employers; or the payment of some, if not all, attorney fees. The advantages to the agency *might* include: the immediate resolution of an employment problem, possibly extending to other employment disputes involving the same employee; saving the time of agency representatives, management officials, and agency witnesses; not having financial resources tied up in litigation before the Board and the courts; and minimizing or avoiding potential back-pay liability.

*Please keep in mind that these advantages to the appellant and the agency are*

## Confidentiality

The Board's settlement attorneys will treat all discussions with parties as strictly confidential. If settlement is attempted in an appeal but an agreement is not reached, the petition for review will be adjudicated on its merits by the Board in the regular manner. The settlement attorneys will *not* divulge any information learned during settlement discussions to Board members or to those who advise the Board on appeals cases or prepare recommended decisions. Because of this strict confidentiality policy, settlement attorneys may speak with the parties to an appeal individually about the merits of the case without violating the prohibition in the Board's regulations against ex parte communications. *See* 5 C.F.R. § 1201.101.

During these discussions, the settlement attorney is free to provide his or her own views of the appeal. While such views are worthy of serious consideration as those of an attorney familiar with Board law, they do not necessarily represent the views of the Board. Again, the purpose of any discussion initiated by a settlement attorney with a party to an appeal before the Board on petition for review is to encourage and help parties to settle their differences.

# CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

U.S. Mail

Malik Shakur
1100 NE 16th Street
Oklahoma City, OK 73117

### Agency Representative

Electronic Mail

Michele S. McNaughton
Department of the Air Force
72 ABW/JAL
4385 S. Air Depot Blvd, Bldg. 1002
Tinker AFB, OK 74385

Electronic Mail

Sean Lanagan
Department of the Air Force
72 ABW/JAL
4385 S. Air Depot Blvd
BLDG 1002 - 2nd Floor
Oklahoma City, OK 73145

January 5, 2021
(Date)

*Dinh Chung*

Dinh Chung
Case Management Specialist

Malik Shakur
*Pro se Litigant*
1100 NE 16ᵗʰ Street
Oklahoma City, OK 73117
(405) 977-8084

June 15, 2021

United States of America
Merit Systems Protection Board
Dallas Regional Office
1100 Commerce Street, Room 620
Dallas, Texas 75242-9979
Fax: 214-767-0102

Agency Representative
Chief Labor Law Division Department of the Air Force
72 ABW / JAL
4385 S. Air Depot Blvd.
Bldg. 1002. 2nd Floor
Oklahoma City, OK 73145-9002
Phone (405) 739-8636
Fax: (405) 739-5886

Re:    Parties:    **MALIK SHAKUR  vs. DEPARTMENT OF THE AIR FORCE**
                   **DOCKET NUMBER:  DA-315H-21-0053-I-1**

     Loss Date:    August 5, 2020

## SETTLEMENT PROPOSAL
### 30 Day Response Notice

Dear: United States of America Merit Systems Protection Board, &
      Chief Labor Law Division Department of the Air Force,

Please be advised this is my final attempt to discuss the possibility of an amicable settlement in this case. This notice to the parties is strongly encourage by The Board as of November 12, 2020. In good faith I agree to the settlement compensation proposal I offered into record on October 14, 2020, during EEO mediation. In conjunction with settlement discussion entered into record on January 5, 2021, by the U. S. MERIT SYSTEMS PROTECTION BOARD.

### Compensation Proposal

In good faith the claimant seeks remedy in the amount of $100,000.00 for each week of wrongful termination; loss wages with interest on back pay. In conjunction with settlement discussion entered into record on January 5, 2021. I look forward to reaching an amicable resolution of this claim with your company. Please contact me to discuss the possibility of settlement.

                                                    Sincerely,

                                                    _____,
                                                    *Malik Shakur,*

## CERTIFICATE OF SERVICE

I certify that the attach document(s) was (were) as indicated sent by Fax and U.S. Mail on this 15th day of June, 2021, to:

1.
United States of America
Merit Systems Protection Board
Dallas Regional Office
1100 Commerce Street, Room 620
Dallas, Texas 75242-9979
Fax: 214-767-0102

2.
Agency Representative
Chief Labor Law Division Department of the Air Force
Chief Labor Law Division
72 ABW / JAL
 4385 S. Air Depot Blvd.
Bldg. 1002. 2nd Floor
Oklahoma City, OK 73145-9002
Phone (405) 739-8636
Fax: (405) 739-5886

Agency Representative(s)
Michele S. McNaughton
Department of the Air Force
72 ABW/JAL
4385 S. Air Depot Blvd, Bldg. 1002
Tinker AFB, OK 74385

Sean Lanagan
Department of the Air Force
72 ABW/JAL
4385 S. Air Depot Blvd
BLDG 1002 - 2nd Floor
Oklahoma City, OK 73145

## INDIVIDUAL/ACKNOWLEDEGMENT

State/Commonwealth of_____
County of_____
this the 15th day of _____ , 2021
_____
Name of Notary Public

Malik Shakur
1100 NE 16th
Oklahoma City, OK 73117
(405) 977-8084
Email: pureegyptian0112@gmail.com

U.S. MERIT SYSTEMS PROTECTION BOARD
Office of the Clerk of the Board
1615 M Street N.W.
Washington, D.C. 20419-002
Phone: 202-653-7200
Fax: 202-653-7130

Malik Shakur,
    Appellant,

MSPB Docket Number: DA-315H-21-0053-I-1

    v.

**46 CFR § 502.117 - Certificate of service**
FRCP-Rule 12(b) 12(b)(6)

Department of the Air Force,
    Agency,

January 28, 2021

## PETITION FOR REVIEW
## APPELLANT RESPONSE TO AGENY

### Certificate of Service Complaint

In my honor, I, Malik of the family Shakur by special visitation on behalf ex-rel [MALIK SHAKUR]. Hereby, *Appellant* petition the *Board* to review *Agency* violation of Civil Procedure Service of Process. For which they *Agency* did not comply with the Federal Rules for service. The *Agency* is hereby in violation of breach of oath. For which the *Agency* representative perjured her service of process date to the *Appellant* as being Friday January 22, 2021. When the actual date was not until Monday January 25, 2021. This a failure to perform duties involving moral turpitude.

### § 502.117 Certificate of service.

The original of every document filed with the Commission and required to be served upon all parties to a proceeding shall be accompanied by a certificate of service signed by the party making service, stating that such service has been made upon each party to the proceeding. Certificates of service in good faith are usually notarized and processed with a tracking number to verify actual time of service. Which in this case negligence has occurred on part of the *Agency* who fabricated their time of service upon the *Appellant*.

Under FRCP 4, an individual within the U.S. may be served by delivering a copy of the summons and complaint to the individual personally; leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy to an agent authorized or appointed by law to receive service of process. Additionally, the time to answer runs immediately and is not postponed until after proof of service is filed, as it is under certain sections of the CPLR. See e.g. Kondaur Capital Corp. v. Cajuste, 849 F. Supp. 2d 363 (E.D.N.Y. 2012).

## Affidavit Motion to Dismiss

*Appellant* hereby moves the *Board* to dismiss *Agency* case of termination for "misconduct" under FRCP Rule(12)(6) for **failure to state claim** upon which relief can be granted. Pursuant to the State of Oklahoma labor **law** statute 40-2-406 Discharge for misconduct. The language reads: "If discharged for misconduct, the employer shall have the burden **to prove** that the employee engaged in misconduct as defined by this section. Such **burden of proof** is satisfied by the employer, or its designated representative, providing a **signed affidavit**, or presenting such other evidence which properly demonstrates the misconduct which resulted in the discharge. Once this burden is met, the burden then shifts to the discharged employee **to prove** that **the facts** are inaccurate or that the **facts** as stated do not constitute misconduct as defined by this section."

In addition according to the *Agency* procedural requirements under *5 C.F.R. § 315.805(b) Employee's Answer.* Of which the language reads, "[R]easonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of his answer. If the employee answers, the agency **shall** consider the answer in reaching its decision."

The *Agency* has had approximately six months to prove their case of an **factual** termination due to misconduct pursuant to **law and policy.** Of which the *Agency* failed to responded to **all** of the *Appellants* **affidavits** in request for discovery of misconduct. Therefore the *Agency* **failure** to answers the affidavits submitted by *Appellant* giving reason their decision to terminate violated the *Appellant* probationary rights. A matter must be expressed to be resolved and An affidavit unrebutted stands as **Truth.**

## THE 10 MAXIMS OF COMMERCIAL LAW

1. A workman is worthy of his hire.
2. All are equal under the law.
3. In commerce, truth is sovereign.
4. Truth is expressed in the form of an affidavit.
5. An unrebutted affidavit stands as truth in commerce.
6. An unrebutted affidavit becomes judgment in commerce.
7. A matter must be expressed to be resolved.
8. He who leaves the field of battle first loses by default.
9. Sacrifice is the measure of credibility.
10. A lien or claim can be satisfied only through (a) rebuttal by counter affidavit point by point; (b) resolution by a jury; or (c) payment or performance of the claim.

## Federal Law of Frivolous Litigation

In the United States, Rule 11 of the Federal Rules of Civil Procedure and similar state rules require that an attorney perform a due diligence investigation concerning the factual basis for any claim or defense. Jurisdictions differ on whether a claim or defense can be frivolous if the attorney acted in good faith. Because such a defense or claim wastes the court's and the other parties' time, resources and legal fees, sanctions may be imposed by a court upon the party or the lawyer who presents the frivolous defense or claim. The law firm may also be sanctioned, or even held in contempt.

A frivolous lawsuit is any lawsuit that is filed with the intention of harassing, annoying, or disturbing the opposite party. It may also be defined as any lawsuit in which the plaintiff knows that there is little or no chance of the lawsuit succeeding if pursued in court

## Conclusion

*Appellant* concur with the language of the law confirming the *Agency* has failed to prove their allegations of "misconduct." **Improper Use of Cell Phone** alleged on behalf to the *Agency* despite what the *Agency* representative wants to admit their allegations are a totally farce, fabricated and frivolous. Moving the *Agency* representative to lash out negatively against *Board* opinion to make settlement. The *Agency* representative assertion of the agony of defeat from what she describes as an Hail Mary pass. Has left her lashing out like a minor child or disgruntled employee. NOW that the climate has gotten hot the *Agency* representative has unbecomingly let the *Board* and *Appellant* see her sweat. It is obvious the *Agency* has no legally standing an the upper hand is grounded on fact, law and policy of which the *Agency* failed in all categories. Lacking plausibility to support their claim of "misconduct." Leaving no other choice but to make settlement for wrongfully termination caused by the acts of malice and discrimination. For which the *Agency* claim of employee "misconduct" has shown to be infected by fraud. Therefore the *Agency* case is hereby recognized as being dead on arrival.

*Appellant* hereby in good faith request the *Board* enforce *Agency* to make settlement.


INDIVIDUAL/ACKNOWLEDEGMENT
State/Commonwealth of _____
County of _____
this the _____ day of _____, 2020

_____
Name of Notary Public

_____
Malik Shakur
1100 NE 16th
Oklahoma City, OK 73117

## Motion For Mandatory Settlement Under C.P.L.R. § 3408

Appellant argues he is entitled to a mandatory settlement conference pursuant to C.P.L.R. § 3408. This provision provides "the *Board* shall hold a mandatory conference within sixty days after the date when proof of service is filed with the *Board* clerk, or on such adjourned date as has been agreed to by the parties."

## Affidavit of Acknowledgment

The *Agency* inability to prove their case has been an extreme burden getting to the truth of this matter has shown to be a difficult task for the *Agency* and their representative(s). Who have chosen to lash out-out of emotions but has yet to show a lawful cause for termination of the *Appellant*. Which has left the *Agency* enduring an act of Karma of which they have become victim to their own demise.

## Violations

- Violation of Civil Procedures
- Violation of Service of Process
- CORPORATE CORRUPTION
- Deceptive Practices
- CANON Ethic Violations
- Civil Rights Violations
- Deprivation of Rights
- Breach of Constitution
- Discrimination
- False Claim
- Moral Turpitude
- Fraud

## Argument

*Appellant* has suffered from wage loss for approximately six months unable to provide for his family due to *Agency* fraud. Targeting Black mechanics by way of probation preditoration that has been in effect for decades. Unfortunately this time the *Agency* got caught. *Appellant* hereby honorably request the *Board* move to enforce immediate settlement. Pursuant to Rule 12(c) ("a party" may move for judgment on pleadings). ,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy, and redress for disregard or infraction of them. "*Id.* At 464, *85 S.Ct. 1136* (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14, 61 S.Ct. 422, *85 L.Ed. 479* (1941)). Federal Rule of Civil Procedure 16 encourages judges to take an active role in the settlement of civil suits." *Bilello v. Abbott Labs.*, 825 F.Supp. 475, 479 (E.D.N.Y.1993) (J. Weinstein).

# CERTIFICATE OF SERVICE

I certify that the attach document(s) was (were) as indicated sent by U.S. Mail on this <u>28</u> day January, 2021.

To Parties:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street NW
Washington, DC 20419

Michele S. McNaughton (Agency Representative)
Department of the Air Force
72 ABW/JAL
4385 S. Air Depot Blvd, Bldg. 1002

Sean Lanagan (Agency Representative)
Department of the Air Force
72 ABW/JAL
4385 S. Air Depot Blvd, Bldg. 1002


INDIVIDUAL/ACKNOWLEDEGMENT
State/Commonwealth of_____
County of_____
this the _____ day of _____ , 2021

_____
Name of Notary Public

_____
Malik Shakur
1100 NE 16th
Oklahoma City, OK 73117



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
Civilian Pay Indianapolis, Dept. 6200
8899 East 56th St.
Indianapolis, IN 46249-1900

June 19, 2021

MALIK SHAKUR
1100 NE 16TH ST
OKLAHOMA CITY OK 73117-1016

Dear Malik Shakur:

This is to inform you that you were overpaid for pay period August 29, 2020. The gross amount of your overpayment (including pay, taxes, benefits and other deductions) is $325.72. DFAS has adjusted your debt for all payments and offsets and has determined that the net amount of the debt currently owed by you is $325.72. The overpayment is a result of a Personnel change(s).

**Payment of Your Debt.** Please pay the debt in full by July 31, 2021, which is 30 days from the date of this letter. Payment options are explained in attachment 2 of this letter.

**If You are Unable to Pay Your Debt in Full** If you are unable to pay your debt in one lump sum, you may request to have your debt repayments offset from your salary. To participate in salary offset (payroll deductions), you must be an active employee receiving pay from DFAS, complete and sign the Voluntary Repayment Agreement (attachment 3), and submit it to DFAS. If you do not repay the debt in full, or do not submit the Voluntary Repayment Agreement within 30 days from the date of this letter, DFAS must collect the debt using other collection procedures. Beginning on July 31, 2021, DFAS will initiate collection of the debt involuntarily from your pay by using salary offset procedures. DFAS estimates that based on your current payroll information, your available disposable pay is $0.00 and 15% of your disposable pay is $0.00. Repayment of the principal amount of your debt would be completed in approximately 0 pay periods. If you retire or resign before your debt is paid in full, the entire amount of your final pay (salary and lump sum payments) may be applied to pay off your debt.

**Opportunities Available to You** If appropriate, you may contact your timekeeper to make time and attendance corrections, or your personnel office to make pay or allowance changes. You may inspect and/or receive copies of DFAS records related to your debt by contacting DFAS at the address above. If you question the validity or amount of your debt, you may request a hearing. If appropriate, you may request a waiver of your debt. You can find additional information on hearings and waivers at www.dfas.mil/civilianemployees/debt. DFAS will promptly refund to you any amounts you have paid or that were deducted for your debt which are later waived or found not owed to the United States Government.

**Questions about Your Debt and Additional Information** Please see the attached "Collection of Your Debt" in Attachment 1 for additional information regarding debt collection. The Department of Defense Financial Management Regulation (DoDFMR) contains general information concerning debt collection and is available at http://comptroller.defense.gov/fmr/. You may contact your Personnel Office or Customer Service Representative (CSR) if you have questions regarding your debt. If you have further questions about your debt, your CSR may initiate a customer inquiry via Remedy to request information from DFAS, or you may contact the DFAS Civilian Payroll Office at (800) 729-3277. You may also write to the DFAS Civilian Payroll Office at the address listed on this letter.

Thank you for the prompt payment of your debt.

Sincerely,

Supervisor, Debt Processing Branch

Enclosures: As stated

THIS FORM CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED.

Attachment 1

## COLLECTION OF YOUR DEBT

Please be aware of the following additional information concerning the collection of your debt:

**Interest and Additional Charges** If you are unable to pay the debt in full within 30 days from the date of this letter, any unpaid portion of the debt will be considered delinquent. DFAS is authorized by law to add interest, penalties, and administrative costs to your debt if it is not paid within 30 days from the date of this letter. The rate of interest charged is at the Treasury Tax and Loan Rate and may commence on the date your debt becomes delinquent and may continue until the debt is paid in full. Additional penalties may be imposed at the rate of up to 6% a year on any unpaid portion of your debt that is delinquent for more than 90 days, commencing on the date your debt becomes delinquent and continuing until the debt is paid in full.

**Collection Action on Delinquent Debts** If DFAS is unable to collect your debt by salary offset, DFAS may enforce repayment of your debt by using other available collection remedies such as referring your debt to a private collection agency, reporting your debt to a credit bureau, garnishing your non-Federal employment wages, or referring your debt to the Department of Justice for litigation. Debts delinquent for more than 180 days are transferred to the Department of Treasury for collection. Treasury may offset your Federal income tax refunds or other Federal benefit payments, such as Social Security and Federal employee retirement benefits, in order to collect your debt. You may also be prohibited from being approved for a Federal loan if you do not resolve your outstanding delinquent debt.

**Tax Considerations** Pursuant to IRS Publication 15, income tax withheld by DFAS in a prior calendar year cannot be adjusted. Therefore, if your overpayment occurred in a prior calendar year, you must pay back the gross amount of your debt, including any taxes previously withheld and paid on your behalf to the IRS. You may be entitled to a deduction (or credit in some cases) for the repaid wages on your income tax return for the year of repayment of your debt. Each January, DFAS will issue a tax certificate for amounts repaid toward a prior year debt that can be used for tax filing. If your overpayment and repayment both occur in the same calendar year, DFAS will be able to adjust your tax withholding and you will be responsible for repaying only the net overpaid amount. Upon repayment in the same calendar year, your W-2 will be adjusted to reflect your income and the associated taxes. Finally, please be aware that should your debt repayment ever become delinquent and collected by the offset of your tax refund, your spouse may file Form 8379, Injured Spouse Allocation, with the Internal Revenue Service (IRS) to claim his or her share of the tax refund.

**Collection of Federal Employee Health Benefit (FEHB) Premiums** Your debt may be the result of your being on leave without pay status (LWOP) when your employer paid your FEHB premiums at your request. When you return to employment, or upon your pay becoming sufficient to cover the premiums, you are required to reimburse your employer for the premiums paid on your behalf. If you pay your debt with after-tax dollars using a personal check, the payment will not be subject to pre-tax treatment that would reduce your taxable income. In order to ensure the repayment will be treated on a pre-tax basis, you must select payroll deduction as your repayment method. Pursuant to OPM regulations under the 5 C.F.R. 890.502, the "catch-up" option for repaying your FEHB premiums may not be paid pursuant to a Voluntary Repayment Agreement. Premiums must be collected back each pay period at the rate your employer paid the premium for you.

**Penalties for False or Frivolous Statements** Please be advised that if you make or provide any knowingly false or frivolous statement, representations or evidence with respect to your debt, you may be liable for penalties under the False Claim Act (31 U.S.C. §§ 3729-3731) or other applicable statutes, and/or criminal penalties under 18 U.S.C. §§ 286, 287, 1001, and 1002, and other applicable statutes. A Federal employee may also be subject to disciplinary procedures under 5 U.S.C. Chapter 75 or any other applicable statutes or regulations.

**Bankruptcy** If you file for bankruptcy, you must notify DFAS as soon as possible.

THIS FORM CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED.

Attachment 2

## Payment Options

**1. Pay Your Debt in Full at Pay.Gov:** Electronic payments are the most efficient way of ensuring your payment is posted to your payroll record quickly. You may make an electronic payment 24/7 online at the Federal Government's secure website Pay.gov, a website operated by the U.S. Treasury Department. If your online payment is less than the full amount, DFAS will automatically begin collecting the remaining balance at the rate of 15% of your net disposable pay through salary offset.  To pay using Pay.Gov:

   a.  Go to the Pay.Gov website. (https://www.pay.gov/public/form/start/68842322).
   b.  You will need your bill ID CP1N060521159800 when completing the Pay.Gov form.
   c.  Maintain a copy of your receipt for proof of payment. You do not need to mail in a copy of the payment coupon to DFAS.

**2. Payment by Installment through Salary Offset:** If you are unable to pay the debt in one lump sum, you may agree in writing to pay the debt in regular installments by completing the enclosed Voluntary Repayment Agreement and mailing or faxing it to the address listed on the Agreement.

**3.  Lump Sum Payment by Check or Money Order:**  Follow the directions on the Payment Coupon below to pay your debt by check or money order. You must enclose the Payment Coupon below with your check/money order or your payment will be returned.

   Questions? For questions regarding your debt, please contact your customer service representative or the DFAS Civilian Payroll Office at (800) PAY-DCPS. Thank you for your prompt payment!

**For payment by check/money order - Please detach and include the Payment Coupon below.**

========================================================================================

## PAYMENT COUPON

Use this coupon to pay your debt in full by check or money order. To ensure your payment is applied to your account, YOU MUST ENCLOSE THIS COUPON WITH YOUR PAYMENT.  Failure to include this payment coupon will result in your check/money order being returned to you. Return this coupon immediately to avoid salary offset from your pay.

   a.  Prepare an envelope using the following address:

       DFAS CLEVELAND DSSN 8522
       ATTN: DISBURSING-JFMCB
       1240 E 9TH STREET
       CLEVELAND OH 44199

   b.  Make your check/money order payable to: DFAS CLEVELAND ATTN: DISBURSING-JFMCB in the amount of $325.72

   c.  Fill in the following information below:
     Check or Money Order number:_____;  Amount of Payment: _____

## Debt Information for DFAS:

      Employee's Name MALIK SHAKUR Pay Blk 240 DB CP1
      Bill ID: CP1N060521159800
      Amount Owed $325.72
      Estimated Deduction Amount 15% of net disposable per pay period $0.00
      Pay Period Deductions will begin
      LOA CP1 DFASDE 97 X 4930.FA27 - E4 - 503000 2F

THIS FORM CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED.

# CERTIFICATE OF SERVICE

I certify that the attach document(s) was (were) as indicated sent through U.S Mail and Email on this day August **18th**, 2021. To:

**Defendant No: 1**
DEPARTMENT OF AIR FORCE
Chief Labor Law Division
Attention of Agency Attorney(s)
**Michele S. McNaughton & Sean Lanagan**
72 ABW/JAL
4385 S. Air Depot Blvd, Bldg. 1002
Tinker AFB, OK 74385

**Defendant No: 2**
**Jason Puder**
Supervisor of Quality Assurance
Tinker AFB, OK 74385

**Defendant No: 3**
**Michael Bassham**
B52 Structural Chief
Tinker AFB, OK 74385

**Defendant No: 4**
**Jonathon Fleeman**
Supervisor Deciding Official
Tinker AFB, OK 74385

**Defendant No: 5**
**Michael Hogue**
Lead Worker
Tinker AFB, OK 74385

**Defendant No. 6**
**Defense Finance and Accounting Service**
Civilian Pay Indianapolis, Debt. 2600
8899 East 56th Street
Indianapolis, Indiana 46249-1900

**Defendant No. 7**
**DFAS CLEVELAND, DSSN 8522**
DISBURING-FJMCB
1240 E 9th Street
Cleveland, Ohio 44199

*Malik Shakur*

*Malik Shakur*

1100 NE 16th
OKC OK 73117
(405) 977-8084